Chief Justice
Robertson delivered the Opinion of the Court.
George Bronaugh, deceased, nominated his surviving widow executrix of his last will, and therein requested that, she should be permitted to *622 act without being required to give security. Having proved the will in the county court of Jessamine, she moved the court to permit her to be qualified, according to the testator’s will, without giving security. But the record states, that her said motion* being “ opposed by William Bronaugh, a legatee,'” was “ overruled.” No other entry was made until the first day of the next term of the county court, when the following was made. “ On the motion of William Ham Bronaugh, the administration of the estate of Gcorgt Bronaugh,deceased, with his will annexed, is granted him.”
.Although tho •will iliroct that executor bo not required to give security, the County court may, if it susj) ‘ct (he pxecu.'or of fraud or apprehend that tho assets will be insufficient for payment of testator’s debts, require him togive security ; and if executor refuse, or, on reasonable time allowed him, fail to give security, the eour* may* upon making these fuels appear upon its record, grant ad— mil istration cum testamento nexo.
*622 This writ of error is prosecuted, by the widow of the testator, to set aside the foregoing orders.
The county court had not an arbitrary and unlimited power to require security contrary to the testator’s will. Unless the court had suspected, from their own knowledge, or from the suggestions of others who were interested, that the executrix was disposed to act fraudulently, or that the assets would he insufficient to pay all the testator’s debts, it had no legal right to require her to give security-. See 21st section of an act of 1797, 1 Dig. 526. The record does not intimate that the court had any cause for any such suspicion, or that the motion of the executrix was overruled for any other reason than merely because William Bronaugh opposed it.
The record does not shew that the executrix was “ required” to give security and either “ refused” or (within reasonable time allowed her) “failed;” nor that William Bronaugh was appointed administrator cum testamento, because she didfail or refuse, after having been so required, to give security. This court cannot, therefore, decide that the grant of administration was proper and according to law.— Wherefore, the order of the county court must be reversed.
If the county court shall suspect the executrix of fraud, or apprehend that the assets will be insufficient for payment of the testator’s debts, she should be “ required” to give security ; and if she shall refuse, or shall, within a reasonable ti me, fail to do so, the court, upon making those facts appear on its record, may grant administration with the will annex- *623 eel. What would be reasonable time, must depend on circumstances. Perhaps a day or even an hour inav be deemed reasonable time, unless the contrary shad be made to appear from facts exhibited on the record.
Owsley and Hewitt, for plaintiff; Chinn, for doCendant.
■ Unless the countv court shall apprehend fraud or a deficit of assets, the plaintiff in error should be permitted to qualify, as executrix, without giving security.
The plaiptiff in error must have a judgment for costs against the defendant.